UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDDY GUSTAVO AREVALO ROMAN,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al.,

Respondents.

No. 1:26-cv-05695-DAD-AC

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On July 22, 2026, petitioner, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) On July 23, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) Respondents were further directed to state any opposition it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its

/////

opposition. (*Id.*) On July 24, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 6.)

Based on the parties' briefing, the court finds the following facts. Petitioner entered the United States on June 3, 2001, with a B-2 tourist visa. (Doc. Nos. 1 at 3; 6 at 10.) On February 1, 2019, petitioner was detained by ICE and placed in removal proceedings. (Doc. No. 6 at 14–18.) Petitioner was released on bond on April 2, 2019. (*Id.* at 10.) On October 8, 2020, petitioner was ordered removed *in absentia* (*id.* at 20–22) but his removal proceedings were reopened on November 23, 2020 (*id.* at 24–25). Petitioner filed a form I-485 application to adjust status on or about April 29, 2022. (Doc. No. 1 at 139–40.) On September 2, 2022, petitioner's removal proceedings were administratively closed, apparently due to his pending application to adjust status. (Doc. No. 6 at 11, 28.) Petitioner was re-detained on or about March 18, 2026, when he reported to an immigration appointment. (Doc. No. 1 at 21.) Respondents state that petitioner was re-detained on March 19, 2026 due to his criminal record, and not having any approved "US CIS application, only pending ones." (Doc. No. 10 at 11.) On June 23, 2026, petitioner received a post-deprivation custody redetermination hearing where the IJ placed the burden of proof on petitioner and found that he posed a danger to the community due to his criminal convictions.[1] (*Id.* at 31–35.)

Petitioner states that, on July 17, 2026, he filed an appeal of the IJ's custody determination and has filed paperwork with this court that appears to be just such an appeal (Doc. No. 1 at 24–25, 27–48), however respondents state that no appeal has been received (Doc. No. 6 at 3). In addition, the IJ's decision states that petitioner waived his right to appeal (Doc. Nos. 1 at 56; 6 at 35). In any event, it appears clear that petitioner did not receive any pre-deprivation process, such as notice or an opportunity to be heard before he was re-detained on March 19, 2026.

[1] According to the criminal history report provided by respondents, petitioner was convicted of driving under the influence of alcohol in 2003, 2006, and 2024, as well as an unknown traffic conviction in 2003 and a retail theft conviction in 2006. (Doc. No. 6 at 42–45.) Petitioner states that his criminal history is limited to a conviction for reckless driving in 2003, a conviction for driving under the influence of alcohol in 2024, and conviction for driving without a required ignition interlock system in 2024. (Doc. No. 1 at 5–6.) The court notes, but does not resolve, this discrepancy between the parties' description of petitioner's criminal record.

Petitioner argues that his custody redetermination hearing on June 23, 2026, was constitutionally insufficient,[2] that the government has not demonstrated that his continued detention is necessary, and that due process requires his immediate release, not a second bond hearing. (Doc. No. 1 at 7–16.) Respondents argue that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) because he received a bond hearing from an immigration judge ("IJ") on June 23, 2026, that he is not entitled to a second bond hearing or his release, and that petitioner should be required to exhaust his administrative remedies.[3] (Doc. No. 6 at 3–6.)

---

[2] The court does not consider petitioner's arguments regarding his custody redetermination hearing on June 23, 2026, because, as explained below, the court will determine that petitioner's initial detention violated due process and the post-deprivation hearing could not cure those violations.

[3] Respondents' opposition contains multiple instances of inapt legal citations. First, respondents cite this court's prior order, *Arshakyam v. Warden of Cal. City Det.*, No. 1:25-cv-01780-DAD-AC (HC), 2026 WL 143143 at *5 (E.D. Cal. Jan. 20, 2026), in support of their contention that petitioner is not entitled to a second bond hearing nor his immediate release. (Doc. No. 6 at 4.) In *Arshakyam*, this court found that the petitioner was detained pursuant to 8 U.S.C. § 1225(b), that his detention was prolonged, and that due process required a bond hearing. 2026 WL 143143, at *3–5. *Arshakyam* is clearly distinguishable from petitioner's case because respondents have conceded that petitioner is subject to detention pursuant to § 1226(a). (Doc. No. 6 at 4.) Later in their opposition, respondents argue that petitioner has incorrectly claimed that his detention is prolonged because, "[a]s the Supreme Court reminded us in *Jennings*, under *Zadvydas*," petitioner may not make a prolonged detention challenge to his detention until after his removal order becomes final. (*Id.* at 7.) This argument is unpersuasive for a number reasons, chief among them that petitioner does not appear to challenge his detention pursuant to the decision in *Zadvydas*, but rather makes a constitutional due process claim. (Doc. No. 1 at 14.) To the extent that respondents argue that *Zadvydas* precludes any prolonged detention claims prior to entry of a final removal order, the court in *Zadvydas* limited its holding to interpreting the post-removal order detention statute located at 8 U.S.C. § 1231 and simply did not reach the issue of whether prolonged detention claims are cognizable under §§ 1225, 1226. *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001) ("In these cases, we must decide whether this post-removal-period statute authorizes the Attorney General to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal.") (emphasis in original). Moreover, to the extent that respondents assert that *Jennings* precludes prolonged detention claims, the court explicitly declined in that case to reach the appellees' constitutional challenges to their prolonged detention. *Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018) (remanding to the Court of Appeals to consider the constitutional arguments in the first instance). This court has previously encouraged respondents' counsel to carefully review binding Supreme Court and Ninth Circuit precedent in relation arguments presented. *See Obando Vargas v. Blanche*, No. 1:26-cv-05343-DAD-AC (HC), 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026). Respondents' counsel is once again encouraged to thoroughly review the cases that she cites and ensure that she is properly representing the holdings of those cases to this court.

The court first considers respondents' argument regarding administrative exhaustion and incorporates and adopts its reasoning in *Wu v. Chestnut*, No. 1:26-cv-04953-DAD-SCR (HC), 2026 WL 1906294, at *2 (E.D. Cal. July 2, 2026), where the court waived prudential exhaustion because "administrative exhaustion would not cure the due process violation that petitioner experienced when [he] was detained without notice or an individualized assessment."

The court next considers petitioner's argument that his detention violates due process. Petitioner obtained a liberty interest in his continued release following his release on bond. *See Singh v. Acting Field Off. Dir. of San Francisco Field Off.*, No. 1:26-cv-03976-NW, 2026 WL 2043412, at *2 (E.D. Cal. July 15, 2026) ("Petitioner likewise has a protected liberty interest in his continued freedom following his release on bond."); *Rodriguez v. Mullin*, No. 26-cv-03769-JAO-MSB, 2026 WL 1951629, at * 2–3 (S.D. Cal. July 6, 2026) (finding the petitioner obtained a "a significant liberty interest in remaining out of custody pursuant to his release on bond in 2014" and that his detention absent pre-deprivation notice or a hearing was unlawful). In light of petitioner's liberty interest in his continued release following his release on bond, the court incorporates and adopts the reasoning set forth in its prior orders in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025) and *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the court concluded that the petitioners' re-detention absent notice and an opportunity to be heard violated due process and the appropriate remedy was the petitioners' immediate release. Further, the court incorporates and adopts the reasoning set forth in *Anderson v. Chestnut*, No. 1:26-cv-01960-DAD-CKD, 2026 WL 809990, at *3–4 (E.D. Cal. Mar. 24, 2026), in which the court concluded that a post-deprivation bond hearing provided months after petitioner's detention does not satisfy due process where the required pre-deprivation process was not provided. Finally, the court notes that here it appears petitioner was detained without a warrant as required by § 1226(a).

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

a. Respondents are ORDERED to immediately release petitioner Freddy Gustavo Arevalo Roman, A-File No. 215-812-470, from respondents' custody on the conditions, if any, he was subject to prior to his re-detention;

b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting his *habeas* petition on the merits;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **July 27, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE